**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS NOEL ARMENDARIZ,

Defendant - Appellant.

No. 07-4196

(D. Utah)

(D.C. No. 2:06-CR-00815-DB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Luis Noel Armendariz was indicted on November 11, 2006, on two counts

of possession of a firearm by an illegal alien, in violation of 18 U.S.C.

§ 922(g)(5). On December 22, 2006, Armendariz filed his first motion to

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

suppress evidence (the firearm), alleging that the search warrant failed to establish probable cause, in violation of Utah law. In an oral ruling, the district court dismissed the motion without prejudice and denied an evidentiary hearing.

Armendariz filed a second motion to suppress on March 7, 2007, alleging that the night-time execution of the warrant violated the Utah and Federal Rules of Criminal Procedure, as well as the Fourth Amendment. He again requested an evidentiary hearing. In a written order, the district court denied this second motion with prejudice and again denied an evidentiary hearing. Armendariz then entered a conditional plea of guilty to one count of the indictment, preserving his right to appeal the denials of his two motions to suppress. He was sentenced to nine months' imprisonment. Armendariz appeals, and we affirm.

## BACKGROUND

On the night of October 28, 2006, Sergeant Mike Clegg and Officer Ryan Yardley of the Heber City, Utah, police department responded to a complaint about noise at a trailer home at 1390 South Highway 40 #2 in Heber City. Upon arrival at the trailer home, the officers saw a truck with its radio playing loudly outside the home. The officers asked Armendariz, the resident of the home and apparent owner of the truck, to turn off the ignition. Armendariz appeared to be heavily intoxicated. As Armendariz pushed the seat of the truck back into

position after he turned off the ignition, one of the officers noticed a revolver in plain view hanging out of a coat pocket on the front seat.

When the officers asked Armendariz about the revolver, he told them he had found it at work and he further told the officers they could keep it. He also told the officers that he had a 9mm pistol inside the trailer home. When asked for identification, Armendariz produced a Utah driver's license authorizing driving privileges only. Because of the driving-privileges-only card, Sergeant Clegg suspected that Armendariz might not have a Social Security card and therefore might be in the country illegally. When asked, Armendariz told the officers he was in the country legally. The officers took the gun found in the truck and returned to the police station.

Sergeant Clegg contacted Agent Carlos Gamarra with United States Immigration and Customs Enforcement ("ICE"). Agent Gamarra told Sergeant Clegg that the number on Armendariz's driving privileges card was not a Social Security Card number, but, rather, a tax identification number. Furthermore, Agent Gamarra could not find an alien registration number for Armendariz. Agent Gamarra also told Sergeant Clegg that Armendariz's possession of a driving-privileges-only card was a typical indicator of illegal status in the United States. As an illegal alien, Armendariz would be prohibited by both Utah and federal law from possessing a firearm.

In the early morning hours of October 29, Sergeant Clegg obtained a search warrant for Armendariz's residence, signed by Utah Fourth District Judge O. Lane McCotter. The affidavit attached to the search warrant stated the following: Sergeant Clegg's qualifications; the general circumstances of the noise complaint incident; that Armendariz appeared to be heavily intoxicated and spoke fluent English; that Armendariz told the officers that, in addition to the revolver in the truck, he possessed a 9mm pistol in his home; when asked if he knew he was not supposed to carry a firearm, Armendariz replied that he was aware of that; when asked for identification, Armendariz provided a driving-privileges-only card; that Sergeant Clegg contacted ICE Agent Gamarra, who said a driving-privileges-only card is indicative of illegal immigration status; that the number on Armendariz's card was a tax identification number; that Agent Gamarra was unable to locate an alien registration number for Armendariz; and that possession of a firearm by an illegal alien is a violation of Utah law. Thus, Sergeant Clegg averred that there was probable cause to believe that there would be a firearm in Armendariz's home.

Judge McCotter signed the warrant in the early morning hours. Sergeant Clegg included a hand-written notation on the search warrant, stating: "On Oct[.] 29th at 0134 I talked to Judge McCotter[.] Authorized night time service of this warrant. MSC[.]" Appellant's App. at 33.

The search warrant was executed at 1:40 a.m. on October 29. Armendariz was home at the time. Officers found a loaded 9mm Beretta pistol in a closet in the back bedroom. Armendariz subsequently admitted that he was in the country illegally and that he knew he was not permitted to possess firearms. He was arrested for possession of a firearm by a restricted person.

As indicated, the district court denied both of Armendariz's motions to suppress. With respect to the first motion, the district court stated:

> Based on the record before me today, I am going to deny the defendant's request for an evidentiary hearing pursuant to Franks versus Delaware [438 U.S. 154 (1978)], and find that there have been insufficient allegations of deliberate falsehoods or of reckless disregard for the truth to warrant a hearing in which the arresting officers would be witnesses and would be cross-examined.
>
> . . . .
>
> Based on the present state of the record and of the affidavit that was submitted in support of the search warrant, I find that there was probable cause for the issuance of the search warrant. Even if there wasn't probable cause, this [United States v. ]Leon[, 468 U.S. 897 (1984)] case would come into play and validate this warrant.

Tr. of Mot. to Suppress at 12-13, Appellant's App. at 60-61. The district court dismissed the motion without prejudice, however, telling Armendariz that he was "entitled to a hearing if [he] can show me some information that would indicate that there is some reason to believe that some of the allegations set forth or some statements made in the probable cause affidavit submitted in support of the search warrant were deliberately false or recklessly false, and that they would have made

a difference in whether the judicial officer signed the warrant." Id. at 14, Appellant's App. at 62. With respect to the second motion to suppress, and motion for an evidentiary hearing, the district court issued a written order explaining its rationale for denying the motion and the request for an evidentiary hearing.

Armendariz appeals both denials, arguing: (1) the district court erred in finding there was probable cause for the issuance of the search warrant; (2) the search warrant was procedurally defective because it, in bad faith, failed to comply with the Utah Rules of Criminal Procedure, the Federal Rules of Criminal Procedure and the Fourth Amendment; (3) the district court erred in denying the second motion to suppress; and (4) the district court abused its discretion in failing to grant an evidentiary hearing.

## DISCUSSION

Armendariz raises essentially the same issues on appeal that he raised before the district court. But he fails to articulate any valid grounds for overturning the district court's reasoning or judgment. We have carefully reviewed the record in this case and the briefs on appeal. Accordingly, for substantially the reasons stated in the district court's oral and written orders of January 25, 2007, and May 25, 2007, we affirm the denials of Armendariz's motions to suppress. We also affirm the denial of an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, we AFFIRM the denials of Armendariz's motions to suppress and the denials of his request for an evidentiary hearing.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge